11-32-ag
Zhang v. Holder

BIA
Abrams, IJ
A099 930 807

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand eleven.

PRESENT:
> ROGER J. MINER,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

_____

SHAN ZE ZHANG,
> *Petitioner,*

v.                                    11-32-ag
                                      NAC

ERIC H. HOLDER JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Ke-en Wang, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General, Civil Division; Richard M.
                     Evans, Assistant Director, Office of
                     Immigration Litigation; Ann Carroll
                     Varnon, Trial Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shan Ze Zhang, a native and citizen of the People's Republic of China, seeks review of a December 16, 2010, order of the BIA, affirming the September 18, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shan Ze Zhang*, No. A099 930 807 (B.I.A. Dec. 16, 2010), *aff'g* No. A099 930 807 (Immigr. Ct. N.Y. City Sept. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) (2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Here, the agency did not err in finding that Zhang failed to establish either that authorities in China are aware or likely to become aware of his China Democracy Party ("CDP") activities in the United States, and Zhang thus failed to show that his fear of future persecution is

2

objectively well-founded. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). First, the agency reasonably found that Zhang failed to show that articles he wrote for the CDP website had attracted the attention of the Chinese authorities or were likely to be published in China, as Zhang testified that he never sent his articles to China, did not know if his articles ever appeared in China, did not know whether the webpage on which his articles were posted was viewed by anyone outside the United States, had never received any feedback or comments on his article indicating whether anyone agrees or disagrees with his views, had never responded or contributed to anyone else's political blogs or postings, and had never participated in any online political discussion forums. *See id*.

The IJ further reasonably found that although Zhang appeared in several pictures posted on the CDP website, he had not established a reasonable likelihood that the Chinese government could identify him by name or by his position in the CDP, as he testified that the caption beneath the photographs only contained the date on which they were taken and no other identifying marker. *See id*.

Although Zhang argues that because his articles may be obtained via the Internet he has sustained his burden of showing a reasonable possibility that the Chinese government

3

will become aware of his political activities, we are not persuaded that the record compels this conclusion. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)).

Zhang further argues that the letter that he received from his wife, stating that someone had alerted the Chinese authorities about his involvement with the CDP, is proof that the authorities are aware of his membership in the CDP and his pro-democracy activities. However, the agency did not err in declining to accord this unsworn letter significant weight. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

In addition, the agency reasonably found that Zhang did not demonstrate that the Chinese government targeted individuals upon their return to China for having participated in CDP activities in the United States, as the evidence he presented either pertained to individuals who

4

engaged in activities within China or did not show the reason for the individual's alleged arrest. *See also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (stating that an applicant's well-founded fear claim was "speculative at best" when he failed to present "solid support" that he would be subject to persecution).

Because Zhang is unable to establish his eligibility for asylum, his applications for withholding of removal and CAT relief also fail because they are based on the same factual predicate. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5